UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FERNANDO SANTIAGO,<br><br>Defendant. | Criminal Action No. 19-0872 (SRC)<br><br>**OPINION & ORDER** |

**CHESLER**, District Judge

This matter comes before the Court on the motion for early termination of supervised release by Defendant Fernando Santiago ("Santiago"). For the reasons stated below, the motion will be denied.

On December 4, 209, Santiago pleaded guilty to an Information charging him with conspiracy to commit bank fraud. The U.S. Probation Office ("Probation") calculated Santiago's advisory range under the Federal Sentencing Guidelines as 15 to 21 months, reflecting a two-level reduction based on Santiago's role as a minor participant. On April 28, 2021, this Court sentenced Santiago to one day of imprisonment followed by a five-year term of supervised release. On April 29, 2021, Santiago was released from Bureau of Prisons custody and began his term of supervised release. Santiago filed the instant motion for early termination of this term of supervised release on August 24, 2023 on the basis of his "very good conduct and achievement during [his] time on probation." Motion for Early Termination of Supervised Release (ECF No. 47) at 1. Probation notified the Court via letter on September 7, 2023 that it does not oppose Santiago's motion. The

Government opposed Santiago's motion on October 6, 2023 via letter brief. See Government's Brief in Opposition to Motion for Early Termination of Supervised Release (ECF No. 49).

The relevant statutory provision, 18 U.S.C. § 3583(e), states:

The court may, after considering the factors set forth in section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –

(1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

The Court may only provide relief if, after considering these factors, "it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020). The Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." Id. The Court is not required to make specific findings of fact; a statement that the Court has considered the statutory factors is sufficient. Id. at 53. "[E]xtraordinary circumstances may be *sufficient* to justify early termination of a term of supervised release, but they are not *necessary* for such termination." Id. (citing United States v. Murray, 692 F.3d 273, 279 (3d Cir. 2012)) (emphasis in original). However, "generally, early termination of supervised release under § 3883(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." Id. (quoting United States v. Davis, 746 F. App'x 86, 89 (3d Cir. 2018)) (internal quotations and modifications omitted). The defendant has the burden to prove that early termination is warranted. United States v. McDowell, 888 F.2d 285, 291 (3d Cir. 1989).

This Court has considered the factors stated in 18 U.S.C. § 3553 and concludes that early termination of supervised release is not warranted by the conduct of Defendant and is not in the

interest of justice. Defendant was sentenced well below the Guidelines range for his offense, constituting substantial leniency given the nature of the crime to which he pled guilty. He asserts that dedication to growth and change, fulfillment of the terms of his supervised release without incident, maintenance of employment, and care for his family justifies his early termination. However admirable these facts may be, they are insufficient to demonstrate that early termination is warranted or in the interest of justice. While the Court commends Santiago on his compliance with the terms of his supervised release and the other positive changes he has made in his life since the conclusion of his sentence, the fulfillment of his term of supervised release is necessary to reflect the seriousness of his offense and the need to deter future conduct. Additionally, Santiago has presented no evidence that a change in circumstances warrants a modification. The Court is not required to find such a change in circumstances, see <u>Melvin</u>, 978 F.3d at 53, but in the absence of such a change, there are no affirmative reasons to find that a modification of Santiago's supervised release is warranted or in the interest of justice.

For these reasons,

**IT IS** on this 11th day of October, 2023

**ORDERED** that defendant's motion for early termination of supervised release is **DENIED**.

                                                  s/Stanley R. Chesler
                                                 STANLEY R. CHESLER, U.S.D.J.